IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAKESH VERMA,

    Plaintiff,

vs.                                      Case No. 4:15cv408-MW/CAS

BOARD OF MEDICINE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this civil rights action on August 18, 2015, by paying the filing fee, ECF No. 1, and filing a complaint under 42 U.S.C. § 1983, ECF No. 2.  An Order was entered on September 28, 2015, directing the Clerk of Court to issue summons and advising Plaintiff of the requirements of service.  ECF No. 3.  On November 2, 2015, an executed return of service was filed purporting to have served the Board on October 27, 2015, at 10:50 a.m.  ECF No. 4.  The return indicates the Chairman of the Board of Medicine was served by delivering the summons to "Bryan Lingar as AA of the within named corporation."  *Id.*

Because several problems were apparent, an Order was entered on March 3, 2016. ECF No. 5. The Order explained that the Florida Board of Medicine is not a corporation but a state agency, and although Bryan Lingar's association with the Board is unknown, he does not appear to be one of the fifteen members of the Board of Medicine. Thus, the Order advised Plaintiff that service on that individual does not demonstrate sufficient service of process on the Defendant.[1]

Moreover, nothing had been received by Plaintiff since filing the case initiating documents. The Order noted that it was unclear whether Plaintiff had abandoned this litigation, and a response to the Order was required to show good cause why this case should not be dismissed. Plaintiff was required to file his response on March 23, 2016, demonstrating his desire to continue this case. ECF No. 5. No response has been received. It is now clear that this case has been abandoned and dismissal is appropriate.

---

[1] As explained in the prior Order, ECF No. 3, service pursuant to Rule 4(j) requires delivery of a copy of the summons and complaint to a "chief executive officer." FED. R. CIV. P. 4(j)(2)(A) (cited in ECF No. 3 at 2). Alternatively, service could be carried out pursuant to Florida law which provides that service upon a state agency, board, commission, department of municipal corporation "which has a governing board, council or commission or which is a body corporate shall be served: (a) On the president, mayor, chair, or other head thereof; and in his or her absence; (b) On the vice president, vice mayor, or vice chair, or in the absence of all of the above; (c) On any member of the governing board, council, or commission." FLA. STAT. § 48.111(1).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 25, 2016.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**